HAMITER, Justice
 

 (concurring).
 

 It is my opinion that Act No. 24 of the First Extra Session of 1934 is unconstitutional in its entirety.
 

 The duties and powers of the attorney general and his assistants are described in Article 7, Section 56 of the Louisiana Constitution of 1921. It is therein stated that they “shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law.”
 

 The district attorneys are likewise constitutional officers. But their duties and powers are fixed by statute, some of which are recited in Article 17 of the Louisiana Code of Criminal Procedure, adopted by the Legislature in 1928, as follows:
 

 “Subject to the supervision of the Attorney-General, as hereinafter provided,
 
 *123
 
 the District Attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute; provided, that every district attorney shall have the right to employ or to accept the assistance in the conduct of any criminal case of such counsel as to him may seem fit.”
 

 In adopting Act No. 24 (1st E. S.) 1934, the Legislature amended and re-enacted said Article
 
 17
 
 of the Code of Criminal Procedure, along with another article of that Code, by adding thereto the following:
 

 “* * * Provided, further, that the Attorney General shall have power to relieve, supplant and supercede the district attorney in any criminal proceeding, when he may deem it necessary for the protection of the rights .and interests of the State, with full power to institute and prosecute criminal proceedings, and the discretion of the Attorney General under this Article shall not be questioned or inquired into by any court.”
 

 As stated in Article
 
 7,
 
 Section 56 of the Constitution, the attorney general has the right to exercise supervision over the •district attorneys; and he may intervene, for the protection of the interests of the State, in proceedings instituted by them. But nowhere in our Constitution is he authorized to “relieve, supplant and supersede” a district attorney. Therefore, the statute in question, in as much as it seeks to confer on the attorney general authority and power in excess of the mentioned constitutional limitation, is violative of our constitution and is null.
 

 For the above reasons, I respectfully concur in the decree.